THURMAN RICE, JR. *v.* STATE OF INDIANA.

[No. 1076S355. Filed December 28, 1977.]

*Mark E. Wagner, Esquire, Messrs. Kizer, Neu, Joyce & Rockaway,* of Plymouth, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

GIVAN, C.J.—Trial by jury resulted in a conviction of the appellant for first degree burglary, theft of property valued at more than one hundred dollars ($100.00), and of being an habitual criminal. The appellant was sentenced to life imprisonment.

The only issue presented for review by this appeal is whether or not the trial court erred in the admission of the testimony of Joan Mevis Rice, the purported wife of the defendant. It is appellant's contention that he was entitled to the protection of the statute IC 34-1-14-5 [Burns 1973], which states that a wife is not a competent witness as to communications made to her by her husband.

The record shows that appellant and his alleged wife, Joan, were married on December 20, 1972, in Tampa, Florida. On December 10, 1975, Joan filed a petition for annulment of marriage alleging that the appellant was married at the time he had entered into his marriage with her, that he had fraudulently represented to her that he was unmarried and that the marriage should be declared null and void. Appellant was arrested on October 14, 1976, for the crimes in-

volved in this case. Prior to trial appellant filed a motion in limine to prevent his alleged wife from testifying as to confidential communications had between them relying on the statute above cited. A hearing was had by the trial court wherein evidence was adduced to determine the actual status of the alleged wife. Joan testified as to the facts and stated that she was not legally married to the appellant. Thereafter the court denied the motion in limine and permitted the wife to testify before the jury.

In both Indiana and Florida the courts have held that a marriage of a man and woman where one of them has a husband or a wife by a prior marriage who is then living and undivorced, is generally held to be absolutely void and no judicial decree is ordinarily necessary to avoid the result. See *Jones* v. *Jones,* (1935) 119 Fla. 824, 161 So. 836. Indiana has held that no privileged communication can exist at any time if the second marriage is void. *Pry* v. *Pry,* (1947) 225 Ind. 458, 75 N.E.2d 909; *Teter* v. *Teter,* (1883) 88 Ind. 494; *Tefft* v. *Tefft,* (1871) 35 Ind. 44. Although the State presented no additional evidence concerning the validity or invalidity of the appellant's marriage to Joan, her testimony was sufficient to support the trial court's finding that there was no privilege between the parties. If, in fact, Joan Rice was misrepresenting the facts to the trial court, the appellant was free to controvert those facts. He did not choose to do so. The trial court did not err in permitting Joan Rice to testify against the appellant in this case. The trial court is therefore affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 370 N.E.2d 902.